UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH LUBECK** and **ALAN LUBECK**, | ) ) ) | **Case No. 1:20-cv-04881** |
| Plaintiff, | ) ) | **Jury Trial Demanded** |
| vs. | ) ) | |
| **ALLIANT CAPITAL MANAGEMENT, LLC**, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Elizabeth Lubeck ("Elizabeth") and Alan Lubeck ("Alan"), (together the "Lubecks"), by and through their undersigned attorneys, for their complaint against Alliant Capital Management, LLC ("ACM"), state and allege:

### NATURE OF THE ACTION

1. ACM, a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), when it communicated with the Lubecks to collect a consumer debt and made false statements and failed to provide notice as required by the FDCPA.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt. 15 U.S.C. § 1692e. The FDCPA also mandates certain notices be given by debt collectors when communicating with consumers. 15 U.S.C. § 1692g.

### JURISDICTION AND VENUE

3. Jurisdiction is conferred by 28 U.S.C. §1331 as this action arises under the FDCPA.

4. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because ACM conducts business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## PARTIES

5. Elizabeth and Alan are each a natural person who reside in Chicago, Illinois.

6. ACM is a New York limited liability company having its principal place of business at 210 John Glenn Drive, Suite 10, Amherst, New York.

7. ACM is registered to do business in Illinois and has a registered agent located in Illinois.

8. Elizabeth and Alan are each a "consumer" as defined in 15 U.S.C. § 1692a(3) because each is a natural person from whom ACM communicated with to collect a debt allegedly incurred for personal, family, or household purposes. Here, the alleged debt is a personal loan originated by Marlette Funding d/b/a Best Egg ("Marlette").

9. ACM is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others and is engaged in the business of collecting debts on behalf of others.

10. ACM regularly uses the mail to collect or attempt to collect debts on behalf of others.

## BACKGROUND FACTS

11. On November 17, 2014, Elizabeth is alleged to have incurred a debt for a personal loan extended to her by Marlette.

12. Alan was never a signatory on the loan or obligated to repay it.

13. By letter dated August 6, 2020, Marlette advised Elizabeth that it had sold the subject debt to United Holding Group ("UHG"). A true and correct copy of this letter is attached as **Exhibit 1**.

14. On August 7, 2020 Elizabeth received a telephone call made by ACM to her cellular phone number having the last three digits of 724. The caller identified themselves as ACM and indicated that ACM was calling about a debt owed to Marlette.

15. Also on August 7, 2020, ACM also called Alan's cellular phone having the last three digits 805 at approximately 12:48 p.m.. Alan did not immediately answer the case, so the caller left a message for Alan stating that they were a debt collector and left a call back number of 833-628-0094 Ext. 369.

16. Approximately four minutes later at 12:52 p.m., Alan called ACM back at 833-628-0094 Ext. 369 and spoke to a representative named Kaylee.

17. Kaylee asked Alan to verify Elizabeth's address and then proceeded to give him information regarding Elizabeth's debt.

18. Specifically, Kaylee told Alan the amount of Elizabeth's debt ($10,000), the date the loan was taken out (November 17, 2014), and that Elizabeth only made a few payments on the loan. Kaylee also advised Alan that she was calling about a debt owed to Marlette.

19. At the time that ACM made the August 7 calls to Elizabeth and Alan, Marlette did not own the subject debt and ACM's statements to Elizabeth and Alan were false. The subject debt was owned by UHG as of August 6, 2020.

20. At no time following the August 7 calls did ACM send either Elizabeth or Alan a written notice containing the information mandated by the FDCPA, 15 U.S.C. §1692g.

21. The FDCPA provides that, if a "debt collector" makes an "initial communication with a consumer in connection with the collection of any debt," the debt collector must provide the consumer with certain information, such as the amount of the debt, the name of the creditor, the consumer's right to dispute the debt and seek validation *See* 15 U.S.C. § 1692g(a). This type of notice is commonly called a "validation notice." *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 412 (7th Cir. 2005).

22. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

23. ACM's calls to Elizabeth and Alan are communications within the meaning of the FDCPA.

24. At the time that ACM communicated with Elizabeth and Alan it is alleged that subject debt was in default.

25. Section 1692e of the FDCPA provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (2) The false representation of–
> >
> > > (A) the character, amount, or legal status of any debt; . .
> >
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

26. ACM violated section 1692e of the FDCPA during its telephone calls to Elizabeth and Alan by falsely representing that ACM owned the debt when in fact the debt was owned by UHG at that time.

27. Section 1692g of the FDCPA states as follows:

> (a) **NOTICE OF DEBT; CONTENTS** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>> (1) the amount of the debt;
>> (2) the name of the creditor to whom the debt is owed;
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. ACM's phone calls to Elizabeth and Alan on August 7, 2020 were ACM's initial communications with each of them.

29. At no time after ACM's initial communications with Elizabeth and Alan did ACM give either Elizabeth or Alan the notice required by section 1692g.

30. ACM violated section 1692g of the FDCPA by failing to give them the notice required by this section.

31. Pursuant to 15 U.S.C. § 1692k(a)(1), the Lubecks are entitled to recover from ACM actual damages.

32. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), the Lubecks are entitled to recover from ACM statutory damages of up to $1,000 each.

33. Pursuant to 15 U.S.C. §1692k(a)(3), the Lubecks entitled to recover from ACM costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, the Lubecks respectfully request that this Honorable Court enter judgment in their favor and against ACM, as follows:

a. Declaring that the conduct of ACM as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e and § 1692g;

b. Awarding the Lubecks statutory damages of $1,000 each pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding the Lubecks actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding the Lubecks costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

*Respectfully submitted,*

**ELIZABETH LUBECK**
**ALAN LUBECK**

By: /s/ *Rusty Payton*
Rusty Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Avenue
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com